1
2
3
4
5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7   THOMAS E. PAULUS and KRISTY
    L. PAULUS, and the marital          NO. 2:19-CV-0287-TOR
8   community thereof,

9                           Plaintiffs,  ORDER DENYING PLAINTIFFS'
                                         MOTION TO REMAND
10          v.

11  ALLSTATE PROPERTY AND
    CASUALTY INSURANCE CO., a
12  foreign insurance company,

13                          Defendant.

14
15          BEFORE THE COURT is Plaintiffs' Motion to Remand (ECF No. 3).  This

16  matter is scheduled to be heard with oral argument on November 14, 2019.  The

17  Court has reviewed the record and files herein, considered the parties' completed

18  briefing, and is fully informed.  The Court has determined that oral argument

19  would not materially assist in resolving the motion.  LCivR 7(i)(3)(B)(iii).  For the

20  reasons discussed below, Plaintiffs' Motion to Remand (ECF No. 3) is DENIED.

## BACKGROUND

This case arises out of Plaintiff Thomas Paulus' claim under an insurance policy with Defendant Allstate following Mr. Paulus' injury in a motor vehicle accident. On July 12, 2019, Plaintiffs filed a complaint in Spokane County Superior Court alleging various violations of state law, including the Insurance Fair Conduct Act and the Consumer Protection Act. ECF No. 1-1. On August 21, 2019, Defendant filed a notice of removal to federal court on the basis of diversity jurisdiction. ECF No. 1. On September 19, 2019, Plaintiffs filed a motion to remand the case to state court. ECF No. 3. Defendant opposes the motion. ECF No. 4.

## DISCUSSION

Defendant removed this case to federal court on the basis of diversity jurisdiction. ECF No. 1 at 2. Plaintiffs do not dispute that the parties are of diverse citizenship. ECF No. 3 at 5. However, Plaintiffs argue Defendant's notice of removal fails to establish that the amount in controversy exceeds $75,000. *Id.*

Title 28, United States Code Section 1441 governs removal of cases from state court to federal court. Generally, a defendant may remove a case to federal court if the federal court would have subject-matter jurisdiction over one or more of the plaintiff's claims pursuant to 28 U.S.C. §§ 1331 (federal question) or 1332 (diversity of citizenship). *See* 28 U.S.C. § 1441(a), (b). Once a case has been

properly removed, a federal court must generally entertain all claims over which it has original subject-matter jurisdiction. *See Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 716 (1996) (noting that "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress" in removal proceedings). Federal courts have jurisdiction over cases where the parties are of diverse citizenship and the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a).

Where a state court complaint is ambiguous or unclear as to the amount in controversy, the removing party bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the required jurisdictional amount. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). A removal petition that merely asserts the amount in controversy is satisfied, without setting forth the underlying facts to support the assertion, is insufficient to support removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). However, where the relevant factual information is later added to the record, "it is proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits." *Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969). The amount in controversy calculation should include all sums to be paid by the defendant. *Guglielmino*, 506 F.3d at 701. This can include general and specific damages, attorney's fees, and

punitive damages. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

Here, Defendant's notice of removal asserts that the amount in controversy exceeds $75,000, but it offers no facts to support this assertion. ECF No. 1 at 2-3. However, in opposition to Plaintiffs' Motion to Remand, Defendant submits several exhibits to support the asserted amount in controversy. ECF No. 5. Included in the exhibits is a demand letter in which Plaintiffs' attorney requests $75,000 exactly to settle this case. ECF No. 5-4 at 1. The demand letter also asserts that the "conservative calculation" of Plaintiffs' actual damages is the unpaid benefit amount of $24,378.86, which may be trebled under the Insurance Fair Conduct Act. *Id.* at 1-2; RCW § 48.30.015(2). This would bring the treble damages calculation to $73,136.58. The Consumer Protection Act also authorizes separate treble damages up to a statutory maximum of $25,000. ECF No. 5-4 at 2; RCW § 19.86.090. These figures do not account for Plaintiffs' claims for attorney's fees. Defendant has demonstrated, by a preponderance of the evidence, that the amount in controversy in this case exceeds $75,000. Accordingly, federal diversity jurisdiction is present, and Defendant's removal was proper. Plaintiffs'

motion to remand is denied, and Plaintiffs' associated request for attorney's fees related to the motion to remand is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiffs' Motion to Remand (**ECF No. 3**) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** October 29, 2019.

THOMAS O. RICE
Chief United States District Judge